JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Gary Griffin ("Griffin") appeals the decision of the Cuyahoga County Court of Common Pleas denying his motion to withdraw his formerly entered plea of guilty. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} Griffin pled guilty to aggravated robbery. He appeared for sentencing and, prior to the sentence being announced, was afforded the opportunity to address the court. At that time, Griffin made an oral motion to withdraw his plea. His motion was denied and he was sentenced. It is from that decision that Griffin appeals, advancing one assignment of error.
 {¶ 4} "The trial court abused its discretion when it denied appellant's presentence motion to withdraw his guilty plea without first conducting a full, fair and impartial hearing."
 {¶ 5} Both parties agree that the standard of review for the decision in this case is abuse of discretion. State v. Xie
(1992), 62 Ohio St.3d 521. Griffin argues that the court's refusal to conduct a hearing on his motion to withdraw his plea was an abuse of discretion. While Xie does require the trial court to conduct a hearing on Griffin's oral motion, there are no rules on the form of that hearing.
 {¶ 6} "An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Clark (1994),71 Ohio St.3d 466. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135. With this standard in mind, we review the matter before us.
 {¶ 7} Griffin concedes that at the time of his plea, the trial court reviewed his rights with him. He answered in the affirmative to specific questions regarding whether he could read and write, understood his rights, and understood the effect of his plea. He stated he was not confused by what was happening and was not then under the influence of drugs or alcohol. The court addressed each constitutional right that Griffin was waiving by entering his plea, and Griffin responded with "yes," indicating he understood the effect of his decision. Griffin acknowledged that he understood the potential sentence he was facing by making his plea and denied his plea was based upon threats or promises from anyone. Following that detailed recitation, the defendant pled guilty and admitted that he was, in fact, guilty.
 {¶ 8} Griffin's sentencing was then continued, at his request, to provide for a presentence investigation. At the time of the sentencing hearing, Griffin made an oral motion to withdraw his plea.
 {¶ 9} The following factors must be considered by the trial court in making its decision whether or not to allow a guilty plea to be withdrawn prior to sentencing: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge.
 {¶ 10} It is unlikely that, in this case, the state would have been prejudiced by Griffin withdrawing his plea. This, however, is only one factor to be considered. Griffin was represented by qualified counsel, and there is nothing in the record here suggesting counsel's performance was deficient. There is no claim the trial court failed to comply with Crim.R. 11, and the record is clear Griffin understood the charges and the potential sentences. Nothing in the record raises the claim that Griffin was actually innocent or had a valid defense. He, in fact, admitted guilt at the time of the plea. His claim that he thought he "could beat the case" hardly rises to the level of a valid defense or a claim of innocence. The timing of the motion was suspect in that it was made orally at the time of the sentencing. Further, no valid reason was presented for withdrawing the plea. The only real question here is whether the trial court's inquiry satisfied the requirement of "full and fair" consideration of the motion and whether the dialogue between the court and Griffin amounted to a hearing.
 {¶ 11} At the time of sentencing, Griffin made his oral motion to withdraw his plea as follows:
"Mr. Griffin: I was wondering if I can get a withdrawal to myplea.
 "The Court: And what would be the reason, sir?
 "Mr. Griffin: Because I really wasn't paying attention whatthe time was, and all I was thinking about was you said six totwelve. I really wasn't thinking about what you saying [sic] Ihad to do three years flat."
 {¶ 12} The court then asked Griffin if he had understood the rights he waived at the time of his plea. He indicated that he understood "most of it" and the only part he misunderstood was the chance of getting a prison sentence of "three years flat." After a series of questions to Griffin, he admitted understanding at the time of his plea the rights he waived and the potential sentence he faced, and stated the only reason he wanted to withdraw his plea now was that he thought he could "beat the case."
 {¶ 13} Following Griffin's testimony, the court denied his motion and proceeded to sentencing. Griffin did not present new evidence nor evidence contradicting the court's finding that he had made his plea knowingly and voluntarily.
 {¶ 14} The clear inference from the timing of the motion and the reason offered for withdrawing the plea is that Griffin did not want to serve a prison term of three or more years. Griffin was facing a three- to ten-year term for aggravated robbery and received five years from the trial court, which recited his criminal history on the record.
 {¶ 15} "Generally, a defendant is not allowed to [withdraw] a guilty plea prior to sentencing just because he is made aware that a subjectively unexpected sentence is going to be imposed."State v. Uribe (Mar. 5, 1999), Montgomery App. No. 17044.
 {¶ 16} Where a defendant's statements support a conclusion that the true reason why the defendant wants to withdraw his guilty plea is because he had a "change of heart," one prompted by his dissatisfaction with the sentence a trial court might impose, that is not a legitimate basis for withdrawing a guilty plea when the defendant understands, at the time he enters his plea, the minimum and maximum sentences that can be imposed and that no particular sentence, including probation, has been promised to him. State v. Forest, Montgomery App. No. 19649, 2003-Ohio-1945.
 {¶ 17} The trial court clearly afforded Griffin the opportunity to put the basis for his desire to withdraw the plea on the record. Griffin failed to offer any basis for the trial court to conduct any further inquiry beyond what was placed on the record. This court thus determines that the trial court gave full and fair consideration to the motion and conducted an acceptable hearing on the record.
 {¶ 18} Ohio courts have previously held that a trial court inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion. State v. Holloman (June 22, 2001), Greene App. No. 2000CA82; State v. Mooty (Aug. 31, 2001), Greene App. No. 2000CA72, 2001-Ohio-1464.
 {¶ 19} We cannot say that the court's decision to deny Griffin's motion was arbitrary or capricious. Further, we find the court did conduct a hearing, albeit brief, to take evidence and consider the merits of Griffin's motion. This assignment of error is overruled.
 {¶ 20} The judgment is affirmed.
Judgment affirmed.
Dyke, P.J., and Sweeney, J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.