[Cite as *State v. Harris*, 2014-Ohio-1423.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100002**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# WILLIAM G. HARRIS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568534-A

**BEFORE:** Kilbane, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

**ATTORNEY FOR APPELLANT**

Stephen Miles
20800 Center Ridge Road
Suite 405
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Andrew Santoli
Alison Foy
Assistant County Prosecutors
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, William Harris ("Harris"), appeals from the trial court's denial of his presentence motion to withdraw his guilty plea, challenging his plea and sentence. For the reasons set forth below, we affirm.

**{¶2}** In November 2012, Harris was charged in a 48-count indictment involving two minor female victims — his biological daughter and her friend. Counts 1, 13-14, 28 charged him with rape. Counts 2-3, 15-17, 29-30 charged him with sexual battery. Counts 4-7, 10, 18-21, 25, 31-32 charged him with gross sexual imposition ("GSI"). Counts 8, 11, 23, 27, 34, 38-40, 43-44, 47-48 charged him with contributing to the unruliness or delinquency of a child. Counts 9, 12, 22, 26, 33, 35-37, 41-42, 45-46 charged him with child endangering. Count 24 charged him with disseminating matter harmful to juveniles.

**{¶3}** On April 3, 2013, pursuant to a plea agreement, Harris pled guilty to three counts of sexual battery (Counts 2, 15, and 29), four counts of GSI (Counts 4, 18, 25, and 31), three counts of contributing to the unruliness or delinquency of a child (Counts 8, 27, 34), two counts of child endangering (Counts 9 and 33), and one count of disseminating matter harmful to juveniles (Count 24). The remaining counts were nolled. On May 1, 2013, Harris, through defense counsel, filed a "motion to withdraw plea/new counsel" seeking to withdraw his plea and requesting new counsel. Harris's motion stated that he was "'bullied' into the plea by counsel." He requested a hearing on the matter.

Harris's newly assigned counsel also filed a motion to withdraw Harris's guilty plea. This motion states that it was served upon the state on May 28, 2013. The docket, however, indicates that this motion was filed on June 5, 2013. The state opposed this motion on May 29, 2013.

{¶4} The next day, on May 30, 2013, the trial court held a hearing on Harris's motion. Harris claimed that on the morning of his guilty plea hearing he took two prescription medications and he did not understand what his attorney explained to him. However, when the trial court asked Harris if he was under the influence of any drugs at the plea hearing, Harris responded, "no." The trial court, after reviewing the transcript on multiple occasions and both parties' motions, denied Harris's motion, finding no legitimate basis to withdraw the plea. The trial court then proceeded with sentencing. The court merged Counts 2 and 4, Counts 8 and 9, Counts 15 and 18, Counts 29 and 31, and Counts 33 and 34. The state elected to proceed with sentencing on Counts 2, 8, 15, 29, and 33. The court sentenced Harris to 5 years in prison on Count 2, 6 months on Count 8, 5 years on Count 15, 5 years on Count 29, 6 months on Count 33, 5 years on Count 25, and six months on each of Counts 24 and 27. The court ordered that Counts 2, 15, and 25 run consecutive to each other and concurrent to Count 29. The court also ordered that Counts 8, 33, 24, and 27 be served concurrent to each other and the other counts for a total of 15 years in prison.

{¶5} Harris now appeals, raising the following two assignments of error for review.

Assignment of Error One

The trial court committed prejudicial error when it denied [Harris's] motion to withdraw his guilty plea prior to sentencing.

Assignment of Error Two

The trial court erred by sentencing [Harris] to consecutive sentences.

Motion to Withdraw Guilty Plea

{¶6} In the first assignment of error, Harris argues the trial court abused its discretion by denying his motion to withdraw his guilty plea.

{¶7} Crim.R. 32.1, governs motions to withdraw guilty plea and provides that: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶8} Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a plea prior to sentencing. The "trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.,* at paragraph one of the syllabus. The decision to grant or deny a motion to withdraw is within the trial court's discretion. *Id.*, at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v.*

*Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶9} In *State v. Perterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

{¶10} Harris contends that he was under the influence of prescription drugs, which prevented him understanding his plea. We disagree.

{¶11} In the instant case, the trial court fully complied with the *Perterseim* criteria. First, Harris's initial and subsequently assigned counsel are highly competent. Second, Harris was afforded a full hearing under Crim.R. 11 and his plea was knowingly and voluntarily made. A review of the record indicates that the trial court conducted a thorough colloquy with Harris and advised him of each of his rights as well as the potential penalties for each offense. Harris stated that he understood the effect of his guilty plea and consequences, and he additionally stated that he committed the offenses. When the trial court asked Harris if he was under the influence of any drugs, Harris responded, "no." In addition, he acknowledged that he was pleading guilty as his own

choice, that he had not been pressured to enter into the plea, and that he was pleading guilty because he had committed the offenses.

{¶12} With respect to the third and fourth factors, the record demonstrates that the trial court gave Harris a complete and impartial hearing on his presentence motion to withdraw his guilty plea and gave Harris full and fair consideration to his plea withdrawal request. The court stated:

> I have reviewed the transcript of the proceedings. I've reviewed it on multiple occasions at this point. I also have reviewed the state's motion, as well as, of course, [prior and current counsel's] motions.
>
> At this point in time after conducting this hearing, I find no legitimate basis to have [Harris] withdraw his plea[.]

{¶13} Based on the foregoing, we find that the trial court did not abuse its discretion in denying Harris's motion to withdraw his guilty plea.

{¶14} Therefore, the first assignment of error is overruled.

Consecutive Sentence

{¶15} In the second assignment of error, Harris argues the trial court erred when it ordered that Counts 2, 15, and 25 run consecutive to each other, without making the necessary findings under R.C. 2929.14(C)(4).

{¶16} This court has addressed the standard of review used by appellate courts when reviewing challenges to the imposition of consecutive sentences in *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891. In *Venes*, we held that the standard of

review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, was no longer valid. We stated:

> In [*Kalish*], the supreme court considered the relevant standard of review in the post-*Foster* era in which the findings necessary to impose consecutive sentences under former R.C. 2929.14(E)(4) had been declared unconstitutional. A plurality of the court held that R.C. 2953.08(G)(2) was inapplicable because it expressly related to "findings" that had been abrogated as unconstitutional. Instead, the plurality set forth the following method of reviewing criminal sentences: (1) is the sentence contrary to law and (2) if not, was it an abuse of discretion. *Id.* at ¶ 14-19.
>
> *Kalish*, as is any plurality opinion, is of "questionable precedential value." *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994). Nevertheless, panels of this court have found it persuasive, at least insofar as it was applied to sentencing in the post-*Foster* era. *See, e.g., State v. Martinez*, 8th Dist. [Cuyahoga] No. 96222, 2011-Ohio-5832, ¶ 6, fn. 1.
>
> The post-*Foster* era ended with the enactment of H.B. 86 and the revival of statutory findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4). By reviving the requirement for findings as a predicate for imposing consecutives, the ground offered by *Kalish* for rejecting the standard of review set forth in former R.C. 2953.08 — that it could not stand as a standard of review for a statute that improperly required findings of fact before imposing consecutive sentences — was nullified. With the basis for the decision in *Kalish* no longer valid, and given that *Kalish* had questionable precedential value in any event, we see no viable reasoning for continuing to apply the standard of review used in that case. Henceforth, we review consecutive sentences using the standard of review set forth in R.C. 2953.08.

*Venes* at ¶ 8-10.

{¶17} R.C. 2953.08(G)(2) provides two bases for a reviewing court to overturn the imposition of consecutive sentences: the sentence is "otherwise contrary to law," or the reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

**{¶18}** R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find the sentence is necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the trial court must find that at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.* at R.C. 2929.14(C)(4)(a)-(c).

**{¶19}** "In making these findings, a trial court is not required to use 'talismanic words,' however, it must be clear from the record that the trial court actually made the findings required by statute." *State v. Marton*, 8th Dist. Cuyahoga No. 99253, 2013-Ohio-3430, citing *Venes* at ¶ 14, 17; *State v. Pierson*, 1st Dist. Hamilton No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998).

**{¶20}** Harris argues that the court failed to make findings under R.C. 2929.14(C)(4)(a), (b), or (c). A review of the record, however, indicates otherwise. We find that the trial court delineated each necessary finding under R.C. 2929.14(C)(4) when it imposed its sentence, and supported its findings with facts from the record. The trial court stated:

> I find that consecutive sentences are necessary to protect the public from future crime. This defendant repeated his conduct against juvenile girls including his own biological daughter.
>
> Clearly the defendant shows no remorse for his conduct. While he admits that things may have occurred, he's absolutely at this point unremorseful for the events that have occurred.
>
> In addition to that, consecutive sentences are not disproportionate to the seriousness of this defendant's conduct. This conduct occurred as it relates to the defendant's daughter, his own biological daughter over a period of time. In addition to that, consecutive sentences based on, of course, this defendant's behavior are necessary to protect the public and to punish this defendant.
>
> Once again, this defendant shows no remorse. This is his own biological daughter, there were multiple victims, the defendant has a criminal history, and once again, he has virtually shown no remorse for these crimes.
>
> With that being said, Mr. Harris, I'm going to remind you that you face five mandatory years of post-release control on these offenses. That means the parole board will supervise you for five years once you are released from prison and they can sanction you to half of the sentence that I've given to you if you violate any of their rules or regulations.
>
> Once again, you crossed a line that is so sacred in our society. Your own flesh and blood. To come in here, to talk about the fact that she was raped by you and that you took advantage of her friends is beyond the Court's comprehension.
>
> I certainly can't repeat the sentiments of this family or the devastation that you caused. I can tell you this, however. I've had rape victims tell me

that they would rather be shot with bullets than be raped because of the effects on their life.

**{¶21}** Based on the foregoing, we find that the trial court made all the necessary findings prior to imposing the consecutive sentence, those findings are supported by the record, and Harris's sentence is not contrary to law.

**{¶22}** Accordingly, the second assignment of error is overruled.

**{¶23}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR