[Cite as *State v. Paris*, 2016-Ohio-8175.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0045 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RONALD PARIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 2014 CR 740

JUDGMENT: Convictions and Sentence Affirmed. Postrelease Control Vacated. Remanded.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Ross T. Smith
Huntington Bank Building
26 Market Street, Suite 610
Youngstown, Ohio 44503

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: December 15, 2016

WAITE, J.

{¶1} Appellant Ronald Paris appeals a March 9, 2015 Belmont County Common Pleas Court sentencing entry. Appellant argues that the trial court stated at the sentencing hearing that he "could be" subject to a three-year period of postrelease control. Appellant argues that this contradicts the mandatory three-year period of postrelease control stated in the court's sentencing entry. The state confesses judgment. Pursuant to *State v. Ericson,* 7th Dist. No. 09 MA 109, 2010-Ohio-4315, Appellant's argument has merit and a limited remand is granted only for purposes of correcting the postrelease control portion of his sentence.

Factual and Procedural History

{¶2} Appellant was indicted on one count of intimidation, a felony of the third degree in violation of R.C. 2912.03(A), (B). On January 23, 2015, Appellant entered into a Crim.R. 11 plea agreement. On March 9, 2015, the trial court sentenced Appellant to thirty months of incarceration with credit for 198 days served. At the sentencing hearing, the trial court indicated that Appellant "*could be subject* to a period of postrelease control for up to three years." (Emphasis added.) (Sentencing Hrg. Tr., p. 8.) In its sentencing entry, the trial court stated that the sentence was to be: "followed by an [sic] *mandatory* period of post-release control of three (3) years." (Emphasis added.) (3/9/15 Sentencing Entry, p. 1.)

ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO PROPERLY ADVISE THE DEFENDANT THAT HE WAS SUBJECT TO MANDATORY POST-RELEASE CONTROL AT SENTENCING.

{¶3} Appellant argues that the trial court entered inconsistent judgments as the court referred to the imposition of postrelease control as discretionary at his hearing and mandatory within its entry. Citing to *Ericson*, *supra*, Appellant argues that the use of "could be subject to" when warning of mandatory postrelease control is erroneous. The state confesses judgment.

{¶4} In relevant part, R.C. 2967.28(C) provides that "[a]ny sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment." A trial court's statement that an offender *could be* subject to a three-year period of postrelease control is erroneous when the offender is subject to a mandatory imposition of postrelease control. *Ericson* at ¶ 40.

{¶5} As Appellant pleaded guilty to a third-degree felony, he was subject to a mandatory three-year period of postrelease control. At the sentencing hearing, the trial court indicated that Appellant *could be* subject to a three-year period of postrelease control. Pursuant to *Ericson,* this statement was erroneous.

{¶6} As to Appellant's remedy,

Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease

control. It applies to offenders who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control, those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B). For those offenders, R.C. 2929.191 provides that trial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control.

*Ericson* at ¶ 43, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434 at ¶ 23. The R.C. 2929.191 hearing solely applies to the erroneous imposition of postrelease control "as the General Assembly apparently intended to 'leave undisturbed the sanctions imposed upon the offender that are unaffected by the court's failure to properly impose postrelease control at the original sentencing.' " *Ericson* at ¶ 44.

**{¶7}** Accordingly, as Appellant was not properly notified of the mandatory nature of his postrelease control, his sole assignment of error has merit and is sustained.

<u>Conclusion</u>

**{¶8}** Appellant argues that the trial court erroneously referred to his mandatory three-year period of postrelease control as discretionary at the sentencing hearing. The state confesses judgment. Appellant's convictions and sentence are affirmed. However, we vacate the postrelease control portion of Appellant's sentence and remand the matter for a limited R.C. 2929.131 hearing to correct the postrelease control portion of Appellant's sentence.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.