[Cite as *State v. Fletcher*, 2018-Ohio-3726.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JASMIN FLETCHER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0034**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2012 CR 224 A

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in Part. Reversed in Part and Remanded.

---

*Atty. Ralph Rivera,* Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and
*Atty. Desirae DiPiero,* 7330 Market Street, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:
September 10, 2018

**Donofrio, J.**

{¶1} Defendant-appellant, Jasmin Fletcher, appeals her convictions and sentence following guilty pleas in the Mahoning County Common Pleas Court for one count of tampering with evidence in violation of R.C. 2921.12(A)(1)(B) and one count of obstruction of justice in violation of R.C. 2921.32(A)(5)(C)(4), felonies of the third degree.

{¶2} One of the central issues in this appeal was the trial court's denial of appellant's motion to withdraw her guilty pleas. Appellant entered her guilty pleas on February 24, 2014. Her motion to withdraw those pleas was filed on January 9, 2017, almost three years after she entered her guilty pleas.

{¶3} On March 8, 2012, appellant was indicted on the above listed counts. Appellant was indicted along with a co-defendant, Michael Paige. Paige was indicted on the same counts as appellant but also faced three other counts for aggravated murder, murder, and a separate tampering with evidence count.

{¶4} As part of a plea agreement with the plaintiff-appellee, the State of Ohio, appellant agreed to testify against Paige at Paige's trial. In exchange for testifying against Paige and pleading guilty as charged, the written guilty plea appellant signed provided that the state would "recommend 36 [months] conditioned upon [appellant's] truthful testimony consistent [with] her proffer given 2/24/14." According to appellant, her understanding was that the 36 months recommendation from the state would be for probation and not incarceration. Appellant entered her guilty pleas at a hearing on February 24, 2014 and her written guilty plea was dated February 25, 2014. The trial court accepted the guilty pleas and ordered a presentence investigation. The trial court scheduled appellant's sentencing hearing for April 2, 2014.

{¶5} In a judgment entry dated April 3, 2014, the trial court continued the sentencing hearing but did not schedule a date for a new sentencing hearing. On February 22, 2016, appellant's counsel filed an unopposed motion to withdraw as counsel. In a judgment entry dated March 4, 2016, the trial court granted appellant's counsel's motion and appointed appellant a new attorney.

{¶6} On January 9, 2017, appellant filed a motion to vacate her guilty pleas. This motion was filed before appellant was sentenced. The basis of appellant's motion was that her prior attorney did not fully advise her about charges and her prior attorney misadvised her about the state's sentencing recommendation. The motion also argued that appellant maintained her innocence and a potential meritorious defense was never explored by her prior attorney. Appellant argued that the advice or lack thereof from her prior counsel rendered her guilty plea not voluntary or intelligent.

{¶7} The stated filed a memo in opposition to appellant's motion. In this memo, the state argued that the First District's decision in *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist. 1995), provided nine factors to consider when a trial court should grant a motion to withdraw a guilty plea. The state argued that all nine of these factors weighed in its favor and the motion to withdraw should be denied.

{¶8} On January 26, 2017, a hearing was held on appellant's motion to withdraw. At this hearing, appellant testified that she was under the impression that the 36 month recommendation from the state would be with the Adult Parole Authority and not with the Ohio Department of Rehabilitation and Corrections. (Withdraw/Sentencing Tr. 10-12). Appellant pointed out that the state's recommendation in the written guilty plea she signed did not reference prison or the Ohio Department of Rehabilitation and Corrections. (Withdraw/Sentencing Tr. 7-8). Appellant testified that she also pled guilty because the extended duration of the proceeding was causing a lot of people to suffer. (Withdraw/Sentencing Tr. 9).

{¶9} On cross-examination of appellant, the state referenced several sections of the transcript of appellant's change of plea hearing. These sections indicated that: appellant stated that everything in the written guilty plea was explained to her, appellant read the written guilty plea with her attorney, and she had no questions for her attorney at the change of plea hearing (Plea Tr. 8, Withdraw/Sentencing Tr. 13-14).

{¶10} The trial court overruled appellant's motion on the basis that appellant was aware she faced a prison sentence and that she never stated during her plea hearing that she did not agree to a prison sentence. (Withdraw/Sentencing Tr. 18). The trial court immediately proceeded to sentencing. The trial court sentenced appellant to 36 months of incarceration on the tampering with evidence charge and 24 months of

incarceration on the obstruction of justice charge. (Withdraw/Sentencing Tr. 28-29). The trial court ordered these sentences to be served consecutively. (Withdraw/Sentencing Tr. 28). The trial court also advised appellant that, upon her release from prison, she was subject to a mandatory post-release control term of three years. (Withdraw/Sentencing Tr. 29).

{¶11} Appellant's sentence and the trial court's ruling on the motion to withdraw the guilty pleas were memorialized in a judgment entry dated February 6, 2017. Appellant timely filed this appeal on February 21, 2017. Appellant now raises three assignments of error.

{¶12} Appellant's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION TO WITHDRAW HER PLEAS.

{¶13} Appellant argues that her guilty pleas were based on improper advice given to her by her original counsel. Appellant argues that allowing her to withdraw her plea would not prejudice the state and that her motion was timely filed after her subsequent appointed counsel informed her she faced a prison term.

{¶14} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶15} Appellant's motion to withdraw her pleas was made prior to sentencing. A pre-sentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Ocel*, 7th Dist. No. 08 JE 22, 2009-Ohio-2633, ¶ 21, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Ocel* at ¶ 22, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1997), paragraph two of the syllabus.

{¶16} When determining whether a trial court abused its discretion in denying a pre-sentence motion to withdraw a plea, a reviewing court looks to nine factors. Those factors are:

(1) Whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) whether the defendant understood the nature of the charges and potential sentences; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial court gave full and fair consideration to the motion; (7) whether the timing of the motion was reasonable; (8) the reasons for the motion; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Scott*, 7th Dist. No. 08 MA 12, 2008-Ohio-5043, ¶ 13 citing *Fish, supra*.

{¶17} No one factor is conclusive for the determination of whether the trial court should have granted the motion to withdraw. *State v. Morris*, 7th Dist. No. 13 MA 19, 2014–Ohio–882, ¶ 22, citing *State v. Leasure*, 7th Dist. No. 01BA42, 2002–Ohio–5019, ¶ 19.

{¶18} Addressing whether the state will be prejudiced by withdrawal, the state concedes that this element weighs in appellant's favor. (Brief of Appellee 6-7). But the state, citing this Court's decision in *State v. Leasure*, 7th Dist. No 01 BA 42, 2002-Ohio-5019, argues that minimal prejudice or no prejudice to the state is not dispositive of whether a trial court should have granted a motion to withdraw a plea. See *Id.* at ¶ 42. The state also argues that other districts do not consider this factor. See *State v. Harris*, 8th Dist. No. 100002, 2014-Ohio-1423, ¶ 9, see also *State v. Field*, 11th Dist. No. 2011-G-3010, 2012-Ohio-5221, ¶ 11.

{¶19} But this Court does consider the prejudice to the state factor. *State v. Scott*, 2008-Ohio-5043, ¶ 13. There is no evidence in the record that the state would be prejudiced by the withdraw of appellant's guilty pleas. Because the state concedes this element weighs in appellant's favor and because no evidence in the record exists of prejudice to the state, this factor weighs in appellant's favor.

{¶20} Addressing the representation afforded to appellant, appellant argues that her original counsel gave her improper advice which led her to believe that the state would recommend probation and not prison. In appellant's written guilty plea dated February 25, 2014, the state's recommendation provides: "State will recommend 36 [months] conditioned upon the defendant's truthful testimony consistent [with] her proffer given 2/24/14."

{¶21} The written guilty plea contains nothing about whether the 36 months would be served with the Adult Parole Authority or with the Ohio Department of Rehabilitation and Corrections. But the written guilty plea also states that the maximum term of each offense was 36 months.

{¶22} The only evidence of deficiencies in appellant's representation was appellant's testimony at her motion to withdraw hearing. Appellant testified that her attorney advised her that she would be serving her sentence with the Adult Parole Authority. (Withdraw/Sentencing Tr. 8). In response, the state points out that its recommendation at appellant's change of plea hearing was for the 36 months to be served with the Ohio Department of Rehabilitation and Corrections. (Plea Tr. 2-3). The trial court advised appellant that it could "sentence [appellant] anywhere from 6 to 36 months on each count, for a possible total of 72 * * *." (Plea Tr. 5). At no point did appellant challenge this during the change of plea hearing. Appellant also stated at her change of plea hearing that her attorney explained everything fully to her, she thoroughly read her written guilty plea with her attorney, and she had no questions for her attorney. (Plea Tr. 8). Because the state stated at the change of plea hearing that it was recommending appellant's sentence be served in prison and because appellant understood her sentence carried a potential prison term, this element weighs in favor of the state.

{¶23} Addressing the extent of the plea hearing, appellant concedes that the hearing was adequate. Therefore, this factor weighs in favor of the state.

{¶24} Addressing whether appellant understood the nature of the charges and potential sentences, appellant concedes that she understood them. Therefore, this factor weighs in favor of the state.

**{¶25}** Addressing the extent of the motion to withdraw hearing, appellant had an oral hearing on her motion in which she was able to present testimony and exhibits. The state argues that appellant's hearing on her motion was sufficient pursuant to *State v. Griffin*, 8th Dist. No. 82832, 2004-Ohio-1246. In *Griffin*, Griffin pled guilty to aggravated robbery. *Id.* at ¶ 3. At the sentencing hearing, prior to the sentence being issued, Griffin made an oral motion to withdraw his plea. *Id.* The trial court inquired as to why Griffin wanted to withdraw his plea. *Id.* at ¶ 11. Griffin wanted to withdraw his plea because he felt that he could prevail at trial. *Id.* at ¶ 12. The trial court denied Griffin's motion. *Id.* at ¶ 3.

**{¶26}** The Eighth District affirmed the trial court's denial of Griffin's motion. Citing *State v. Holloman*, 2d Dist. No. 2000CA82, 2001 WL 699533, the Eighth District held that the trial court held a hearing to take evidence and consider Griffin's motion, even though such hearing was brief. *Griffin* at ¶ 18-19.

**{¶27}** Appellant's hearing on her motion was sufficient. She was able to take the stand, present testimony, and present exhibits in support of her motion. Therefore, this factor weighs in favor of the state.

**{¶28}** Addressing whether the trial court gave full and fair consideration to the motion, appellant testified at the motion to withdraw hearing on direct examination that her prior attorney advised her that the 36 months would be under the supervision of the Adult Parole Authority and she pled guilty because the extended duration of the proceeding was causing a lot of people to suffer. (Withdraw/Sentencing Tr. 8-9). Appellant also submitted her written guilty plea and the transcript from the change of plea hearing as exhibits.

**{¶29}** On cross examination, appellant testified that: everything in the written guilty plea was explained to her, she read the written guilty plea with her attorney, and she had no questions for her attorney at the change of plea hearing (Plea Tr. 8, Withdraw/Sentencing Tr. 13-14). At appellant's change of plea hearing, the state informed the court that the 36 month recommendation would be with the Ohio Department of Rehabilitation and Corrections, not the Adult Parole Authority. (Plea Tr. 2-3, Withdraw/Sentencing Tr. 13).

{¶30} The trial court denied appellant's motion for two reasons. First, the court noted that appellant admitted she went over the plea agreement with her attorney and at no point did appellant say "I didn't agree to prison or the Department of Rehabilitation and Corrections * * *." (Withdraw/Sentencing Tr. 18). The trial court also noted that appellant made no objection when she was informed during the change of plea hearing that the sentences for those convictions could be served in prison. (Withdraw/Sentencing Tr. 18). Second, the trial court noted that appellant had previously been to prison so the appellant knew what the Department of Rehabilitation and Corrections was. (Withdraw/Sentencing Tr. 18). The trial court gave appellant's motion full and fair consideration. Therefore, this factor weighs in favor of the state.

{¶31} Addressing the timing of the motion, appellant entered her guilty pleas on February 4, 2014. Appellant's motion to vacate her guilty pleas was filed on January 9, 2017, almost three years after she pled guilty to the charges. According to appellant, after her original counsel withdrew from the case and her appointed counsel began representing her, she requested that her counsel file the motion as soon as she was informed the recommendation was for a prison term. (Brief of Appellant 7).

{¶32} In response, the state cites this Court's decisions in *State v. Calloway*, 7th Dist. No. 10 MA 147, 2011-Ohio-4257 and *State v. Gallagher*, 7th Dist. No. 08 MA 178, 2009-Ohio-2636, in support of its argument that appellant's motion was untimely. But in both of these cases, the motions to withdraw guilty pleas were made at the sentencing hearing.

{¶33} While appellant's motion was made prior to her sentencing hearing, the almost three year delay between the guilty pleas and motion to withdraw renders appellant's motion untimely. Therefore, this factor weighs in favor of the state.

{¶34} Addressing appellant's reasons for her motion, appellant argues that her original counsel misadvised her regarding the state's recommendation on her sentence. As previously stated, the state specifically informed the court during appellant's change of plea hearing that it was recommending appellant be under the supervision of the Ohio Department of Rehabilitation and Corrections. Appellant did not object to this during the change of plea hearing. Moreover, as the trial court noted that appellant has served a prison term prior to these convictions, appellant knew that the Ohio

Department of Rehabilitation and Corrections meant prison. Therefore, this factor weighs in favor of the state.

**{¶35}** Addressing whether appellant was not guilty or had a complete defense, appellant argues that she maintained her innocence or had a viable defense to the tampering with evidence charge. But her motion to vacate her pleas offers no facts in support of this factor. Appellant argued that she always maintained her innocence and had a meritorious defense that was never explored by her prior counsel. But there were no arguments about what defense appellant's counsel sought to explore or why appellant was potentially innocent.

**{¶36}** In response, the state cites the Eleventh District's decision in *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515 (11th Dist.). In *Holin*, the Eleventh District held that a claim of innocence does not provide a reasonable basis for withdrawing the plea; otherwise withdrawal would effectively be an automatic right. *Id.* at ¶ 20 citing *U.S. v. Barker*, 514 F.2d 208 (D.C. Cir. 1975).

**{¶37}** The state also cites the First District's decision in *State v. Calloway*, 1st Dist. No. C-040066, 2004-Ohio-5613. In *Calloway*, the First District held that absent facts or inferences supporting a claim of innocence, the trial court's judgment denying a motion to withdraw a plea was not an abuse of discretion. See *Id.* at ¶ 15-22. Because appellant did not argue any facts which support her claim of innocence or support any defense, this factor weighs in favor of the state.

**{¶38}** In total, only one of the *Fish* factors weighs in appellant's favor; lack of prejudice to the state. With only one *Fish* factor in appellant's favor, it cannot be said that the trial court abused its discretion in denying appellant's motion.

**{¶39}** Accordingly, appellant's first assignment of error lacks merit and is overruled.

**{¶40}** Appellant's second assignment of error states:

> THE TRIAL COURT ERRED WHEN IT NOTIFIED APPELLANT THAT SHE WAS SUBJECT TO A MANDATORY THREE-YEAR PERIOD OF POST-RELEASE CONTROL AND FAILED TO NOTIFY HER THAT SHE COULD SERVE UP TO ONE-HALF OF HER STATED PRISON TERM FOR A POST-RELEASE CONTROL VIOLATION.

Case No. 17 MA 0034

**{¶41}** Appellant argues that the trial court failed to properly advise her regarding post-release control. First, appellant argues that the trial court failed to inform her that, if she violated post-release control, she could serve up to one-half of her original prison term. Second, appellant argues that the trial court improperly advised her that post-release control was mandatory in this case.

**{¶42}** The state concedes that the trial court improperly advised appellant that she would be subject to a mandatory period of post-release control and requests that this assignment of error be sustained.

**{¶43}** An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1 citing R.C. 2953.08(G)(2).

**{¶44}** Addressing appellant's post-release control violation argument, the trial court's judgment entry dated February 6, 2017 states that if appellant violates the terms of her post-release control, she can face a prison term of up to one-half of the stated prison term originally imposed. But at the sentencing hearing, the trial court only advised appellant that if she violated the terms of her post-release control, "the time you're on post-release control can be increased, the sanctions against you could be increased, or you could be placed back in prison." (Withdraw/Sentencing Tr. 29).

**{¶45}** The trial court is required to notify the defendant of the consequences of violating post-release control. *State v. Cologie*, 7th Dist. No. 17 BE 0009, 2017-Ohio-9217, ¶ 19 citing R.C. 2929.19(B)(2)(e). Pursuant to R.C. 2929.19(B)(2)(e), a trial court is required to notify the defendant that if the defendant violates the terms of post-release control, the parole board can issue a prison sentence of up to one-half of the stated prison term originally imposed upon the offender. Therefore, the trial court erred by not advising appellant that she could face up to one-half of the stated prison term if she violated the terms of her post-release control.

**{¶46}** Addressing appellant's argument that the sentence of mandatory post-release control was error, appellant's written guilty plea dated February 25, 2014 states that she is subject to a mandatory post-release control period of three years. The trial

court made a similar finding at appellant's sentencing hearing. (Withdraw/Sentencing Tr. 29). The trial court's judgement entry dated February 6, 2017 also states that appellant is subject to a mandatory three year period of post-release control.

**{¶47}** Pursuant to R.C. 2967.28(B)(3), a defendant who is convicted of a third degree felony of violence is subject to a mandatory period of three years of post-release control. Pursuant to R.C. 2967.28(C), felonies of the third degree that are not offenses of violence are only subject to post-release control "if the parole board * * * determines that a period of postrelease control is necessary for that offender."

**{¶48}** Appellant's convictions were for tampering with evidence and obstruction of justice. These are not violent felonies. As such, the trial court's sentence of three years of mandatory post-release control is clearly and convincingly contrary to law. The proper remedy when an appellant was not properly notified of post-release control by the trial court is to vacate the post-release control portion of the sentence and remand the matter for a limited R.C. 2929.131 hearing to correct the post-release control portion of the sentence. *State v. Paris*, 7th Dist. No. 15 MA 0045, 2016-Ohio-8175, ¶ 5-8.

**{¶49}** Accordingly, appellant's second assignment of error has merit and is sustained.

**{¶50}** Appellant's third assignment of error states:

> THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES WITHOUT MAKING THE APPROPRIATE STATUTORY FINDINGS IN ITS SENTENCING ENTRY AND WHEN IT INCLUDED TWO SENTENCES FOR THE SAME COUNT IN THE SENTENCING ENTRY.

**{¶51}** Appellant argues that the trial court made two errors in its sentencing entry. First, the trial court merely recited the consecutive sentence statute in R.C. 2929.14(C)(4) in the sentencing entry without setting forth any actual findings. Second, appellant argues that the trial court erred in issuing two separate sentences of incarceration for the obstruction of justice conviction.

**{¶52}** The state concedes that the necessary findings for consecutive sentences are not in the sentencing entry and requests that this assignment of error be sustained.

Case No. 17 MA 0034

{¶53} As this assignment of error challenges the validity of appellant's sentence, it is subject to the same standard of review previously set forth addressing appellant's second assignment of error.

{¶54} Addressing the trial court's imposition of two separate prison terms for one charge, the trial court's judgment entry dated February 6, 2017 sets forth two separate sentences for appellant's obstruction of justice conviction: one for three years in prison and one for 24 months in prison. But the trial court issued an amended sentencing entry on March 14, 2017 which corrected this mistake.

{¶55} Addressing the consecutive sentence findings, a trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and (3) one of the findings described in subsections (a), (b), or (c) of R.C. 2929.14(C)(4). *State v. Jackson*, 7th Dist. No. 14 MA 99, 2015-Ohio-1365.

{¶56} At the sentencing hearing, the trial court found that consecutive sentences were necessary to protect the public from future crime and were not disproportionate to the seriousness of the underlying offenses. (Withdraw/Sentencing Tr. 28). The trial court also found that appellant "committed multiple offenses while on * * * community control or judicial release," and that appellant's offenses "were part of a course of conduct * * * and that [appellant's] criminal history and conduct demonstrates that it's necessary to protect the public." (Withdraw/Sentencing Tr. 28). It can be seen from these passages that the trial court made the necessary findings for consecutive sentences and applied R.C. 2929.14(C)(4)(a)-(c) at the sentencing hearing.

{¶57} But the trial court's sentencing entry dated February 6, 2017 does not apply any of the findings to appellant as mandated by *Jackson*. The trial court simply incorporated the language of R.C. 2929.14(C)(4)(a)-(c) into the sentencing entry without making findings regarding appellant. Furthermore, the trial court incorrectly listed the consecutive sentencing statute as R.C. 2924.14(C)(4).

{¶58} This issue was addressed by this court in *State v. Williams*, 7th Dist. No. 16 MA 0041, 2017-Ohio-856. In *Williams*, the trial court made the required consecutive sentence findings at the sentencing hearing. *Id.* at ¶ 15-16. But the sentencing entry in

*Williams* only recited the language of R.C. 2929.14(C)(4) and did not apply those findings to Williams. *Id.* at ¶ 17-18. We held that the proper remedy was to remand the case to the trial court for the purpose of issuing a nunc pro tunc entry setting forth the applicable consecutive sentence findings. *Id.* at ¶ 23.

**{¶59}** Accordingly, appellant's third assignment of error has merit and is sustained.

**{¶60}** For the reasons stated above, appellant's convictions are hereby affirmed. That portion of appellant's sentence imposing post-release control is hereby reversed. Appellant's sentence is affirmed in all other respects.  This matter is remanded for a new sentencing hearing limited to the proper imposition of post-release control. Additionally, on remand, the trial court is instructed to issue a nunc pro tunc entry that includes the consecutive sentencing findings it made at appellant's sentencing hearing.

Waite, J., concurs

Robb, P. J., concurs

_____

For the reasons stated in the Opinion rendered herein, appellant's first assignment of error lacks merit and is overruled. Appellant's second and third assignments of error have merit and are sustained. Appellant's convictions are hereby affirmed. That portion of appellant's sentence imposing post-release control is hereby reversed. Appellant's sentence is affirmed in all other respects. This matter is remanded for a new sentencing hearing limited to the proper imposition of post-release control. Additionally, on remand, the trial court is instructed to issue a nunc pro tunc entry that includes the consecutive sentencing findings it made at appellant's sentencing hearing. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed in part, reversed in part, and remanded. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**