[Cite as *State v. Jensen*, 2023-Ohio-4717.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROBERT J. JENSEN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0122**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 707

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed and Remanded.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor, for Plaintiff-Appellee and

*Atty. James E. Lanzo*, for Defendant-Appellant.

Dated: December 18, 2023

**Robb, J.**

{¶1} Defendant-Appellant Robert Jensen appeals the consecutive sentences imposed after he pled guilty to multiple offenses in the Mahoning County Common Pleas Court. He argues the record does not support the imposition of consecutive sentences. This argument is without merit. He also points out the sentencing entry contained a different consecutive sentence finding than the one specified by the court at the sentencing hearing. As the state responds, this issue can be remedied by a remand for a nunc pro tunc entry. For the following reasons, Appellant's sentence is affirmed, but the case is remanded with instructions for the trial court to reissue the sentencing entry to align with what the court actually concluded at the sentencing hearing.

STATEMENT OF THE CASE

{¶2} After a tip was made to authorities in Austintown about material uploaded to a Google Drive account, a search warrant was executed at Appellant's residence on July 2, 2021. (Tr. 3). On November 4, 2021, Appellant was indicted on a count of second-degree felony illegal use of a minor in nudity-oriented material and 30 counts of fourth-degree felony pandering obscenity involving a minor. The authorities also discovered videos Appellant recorded of females changing or using the facilities in his bathroom, resulting in one count of fifth-degree felony voyeurism involving a minor, one count of first-degree misdemeanor voyeurism, and three counts of second-degree misdemeanor voyeurism.

{¶3} Under a plea agreement, Appellant pled guilty to 11 of the 30 pandering counts and the 5 counts of voyeurism, while the state dismissed the second-degree felony and the remaining pandering counts. The court ordered a pre-sentence investigation (PSI), which reported the instant offenses were Appellant's first known convictions. The court received statements from three of the voyeurism victims, two of whom spoke at sentencing. The state recommended a sentence totaling 12 years in prison.

{¶4} The court imposed an aggregate sentence of 10 years in prison by sentencing Appellant to a year on each pandering count with 10 counts running consecutive to each other and another count running concurrent. The court imposed suspended jail terms on the voyeurism counts (including the felony). The within timely appeal followed.

## ASSIGNMENTS OF ERROR

**{¶5}** Appellant addresses the following two assignments of error together:

"The Court erred and the imposition of consecutive sentences is contrary to law because the trial court failed to make the necessary consecutive sentence findings required by R.C. 2929.14(C)(4) in both the sentencing hearing and the judgment entry."

"The Court erred in that the record does not support the trial court's consecutive sentence findings made under R.C. 2929.14(C)(4)."

**{¶6}** In reviewing consecutive sentence arguments, the appellate court's standard of review is not whether the sentencing court abused its discretion; rather, the question is whether the appellate court "clearly and convincingly finds" (1) the record does not support the sentencing court's findings under R.C. 2929.14(C)(4) or (2) the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a)-(b). A clear and convincing standard involves "a firm belief or conviction" (and is a higher standard than a mere preponderance of the evidence). *Cross v. Ledfo*rd, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶7}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. A sentence is contrary to law if the sentencing court fails to make the statutory consecutive findings. *Id.* (remanding for resentencing where the findings were not made at the sentencing hearing or in the entry).

**{¶8}** Pursuant to R.C. 2929.14(C)(4), a felony sentencing court can impose consecutive sentences after finding: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the three options thereafter listed as (a) through (c). R.C. 2929.14(C)(4)(a)-(c). "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209 at ¶ 29.

{¶9} At the sentencing hearing, the trial court made the two initial consecutive sentence findings along with option (b) for the third finding, which involves a course of conduct where "the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(b). (Tr. 31-32).

{¶10} In the sentencing entry, the court recited the two initial findings but then appended option (a) by stating, "this offense occurred while awaiting disposition of one or more other criminal matters." *See* R.C. 2929.14(C)(4)(a) (committed one of offenses while awaiting trial or sentencing or while under post-release control for a prior offense or under other specified sanctions).

{¶11} Appellant points out the record contained no evidence supporting the consecutive sentence finding in option (a).[1] As the state points out, where the trial court makes a finding at the sentencing hearing supported by the record but accidentally places a different option in the sentencing entry, a nunc pro tunc entry is warranted. *Citing State v. Fletcher*, 7th Dist. Mahoning No. 17 MA 0034, 2018-Ohio-3726, ¶ 58, 60 (affirming the consecutive nature of the sentences but remanding with instructions to issue a nunc pro tunc entry with the consecutive sentence findings made at the sentencing hearing, instead of quoting the statute in the entry to say "if the court finds" without actually so finding).

{¶12} "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not

---

[1] Appellant also states there was no evidence supporting option (c), applicable if an "offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4)(c). One could argue "history of criminal conduct" does not require an official criminal record and could then point to the offense dates (including dismissed charges), the multitude of child pornography files recovered, and the admission by Appellant regarding his persistent criminal conduct in this field over a twenty-year period. *See, e.g., State v. Viers,* 8th Dist. Cuyahoga No. 111303, 2022-Ohio-4083, ¶ 16 ("Even uncharged conduct can be considered as a basis for establishing a history of criminal conduct for purposes of imposing consecutive sentences."); *State v. Bennington*, 7th Dist. Belmont No. 14 BE 48, 2015-Ohio-5439, ¶ 20) (sentencing court can consider arrests, charges dismissed during the plea process, and uncharged but undisputed conduct*). See also State v. Hutton*, 53 Ohio St.3d 36, 43, 559 N.E.2d 432 (1990) (arrests without convictions are properly considered in PSI); *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989) (uncharged conduct can be considered when reviewing PSI even though not "criminal record"). However, this option need not be addressed as the trial court made a different, supported finding at the sentencing hearing.

render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell*, 140 Ohio St.3d 209 at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15 (where post-release control notice was provided at the sentencing hearing, an inadvertent failure to incorporate the notice into the sentencing entry may be corrected by a nunc pro tunc entry without a new sentencing hearing).

**{¶13}** This leads to the question of whether the option (b) finding made by the trial court at the sentencing hearing was supported by the record. Appellant points out the trial court imposed an aggregate sentence of 10 years, consisting of 10 consecutive one-year sentences on fourth-degree felonies (offenses with a maximum sentence of 18 months). While acknowledging the reprehensible nature of child pornography may sway a sentencing court toward some consecutive service, Appellant argues the total sentence is disproportionate to the conduct in the record of this case. He suggests the court did not consider the consecutive sentence findings in conjunction with the aggregate sentence.

**{¶14}** Appellant emphasizes the Supreme Court's 2022 *Gwynne* holding. In that case, the Supreme Court instructed the courts to consider the number of prison terms and the resulting aggregate sentence when imposing or reviewing consecutive sentences. *Gwynne*, __ Ohio St.3d __, 2022-Ohio-4607, __ N.E.3d __, at ¶ 1, 12, 29, 31. The Court also announced a new interpretation of R.C. 2953.08(G), stating the appellate court uses a de novo, non-deferential review in ascertaining if the record supports the consecutive sentence (applying a clear and convincing standard instead of the trial court's preponderance of the evidence standard). *Gwynne*, __ Ohio St.3d __, 2022-Ohio-4607, __ N.E.3d __, ¶ 1, 21. However, a majority of the Court recently reconsidered and vacated the 2022 *Gwynne* decision. *State v. Gwynne*, __ Ohio St.3d __, 2023-Ohio-3851, __ N.E.3d __.

**{¶15}** In any event, the state points out when the prosecutor sought an aggregate sentence of 12 years, the trial court explained how it decided to impose only 10 years after considering the argument set forth by the defense (including Appellant's allocution). The court acknowledged defense counsel's emphasis on the offense levels. In addition, the court recognized Appellant's contrition with acceptance of responsibility and his lack of prior convictions. However, the court emphasized Appellant's invasion of the privacy

of his family and friends whom he recorded in the bathroom. The court also described the content of the various pandering images as shocking.

{¶16} Appellant admitted he had been viewing child pornography for 20 years and did not believe he was harming anyone by viewing such videos. (Tr. 3, 5). As the state underscored at sentencing, "With every click, every view and every download, he is supporting the rape of children." (Tr. 5-6). At the sentencing hearing, the state also recited that Appellant used his devices on the dark web to collect child pornography in the following amounts: the laptop contained 31,000 videos and photographs of child pornography; a phone contained 45 videos of child pornography; a second phone contained 500 photographs and videos of child pornography; and a third phone contained 100 photos and videos of child pornography. (Tr. 4). In addition to naked and blindfolded children on leashes, the videos contained prepubescent girls performing oral sex on men or being vaginally or anally penetrated by men's penises. (Tr. 5).

{¶17} The unauthorized recordings of females in Appellant's bathroom were also recovered. The court chose a lower, concurrent sentence for the felony voyeurism, even though it involved a minor victim. In fact, the court imposed less than the maximum on every felony. It is also notable that the court ran one of the pandering counts concurrent to the other 10 pandering counts (after allowing the state to dismiss the second-degree felony count of using a minor in nudity-oriented material and the remaining 19 counts of pandering). In other words, the court did not arbitrarily run every available sentence consecutively.

{¶18} The record supports the following trial court findings: consecutive service is necessary to protect the public from future crime or to punish Appellant; the consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and to the danger he poses to the public; and Appellant engaged in one or more courses of conduct where the harm caused by two or more offenses was so great or unusual that no single prison term adequately reflects the seriousness of his conduct. R.C. 2929.14(C)(4)(b). Upon evaluating the entire record, we cannot "clearly and convincingly" find "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14" or "the sentence [imposed at the sentencing hearing] is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). Accordingly, we uphold Appellant's sentence and

overrule the assignments of error to the extent Appellant seeks a sentence reduction or a new sentencing hearing.

{¶19} For the foregoing reasons, Appellant's sentence is affirmed, but the case is remanded to the trial court with instructions to issue a nunc pro tunc entry to align the sentencing entry with the actual consecutive sentence findings made at the sentencing hearing.

Waite, J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the sentence of the Court of Common Pleas of Mahoning County, Ohio, is affirmed, but the case is remanded to the trial court with instructions to issue a nunc pro tunc entry to align the sentencing entry with the actual consecutive sentence findings made at the sentencing hearing according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**