JOURNAL ENTRY and OPINION
{¶ 1} Appellant Michael Armetta appeals his sentence and asks this court to modify the sentence under R.C. 2953.08(G)(2)(b). He assigns the following error for our review:
 {¶ 2} "I. The trial court erred to the prejudice of the defendant-appellant in ordering a term of imprisonment when the requisite findings under the applicable sentencing statutes were not supported by the facts."
 {¶ 3} Having reviewed the record and pertinent law, we reverse the trial court's judgment and modify the sentence. The apposite facts follow.
 {¶ 4} The record reflects that on April 21, 2003, Armetta invited his friend Julie Stankus for a drive. He traveled northbound on Interstate 271 and then proceeded to drag race with another vehicle. Armetta accelerated to speeds above the posted speed limit and upon reaching State Route 8, lost control of his vehicle and careened into a guardrail. As a result of the accident, both Armetta and Stankus were severely injured. Stankus was lifeflighted to the hospital where she remained in a coma for a week. Thereafter, Stankus spent three months recovering from the injuries sustained.
 {¶ 5} On August 15, 2003, the Cuyahoga County Grand Jury indicted Armetta on one count of vehicular assault in violation of R.C.2903.08(A)(2), a felony of the fourth degree. Armetta, a first-time offender, subsequently pled guilty to the charge and on March 16, 2004, the trial court held a sentencing hearing.
 {¶ 6} At the hearing, Armetta expressed great remorse to Stankus and her family for the pain and suffering he caused.
 {¶ 7} Armetta's counsel informed the court Armetta had no prior record, had cooperated fully with the police department, had paid restitution to the family in the amount of $3,000, and neither drugs nor alcohol contributed to the accident.
 {¶ 8} Stankus testified Armetta frequently engaged in drag racing, but had promised he would not drag race while she was a passenger. She recently learned from a trusted friend that Armetta had been observed buying and driving another race car. She urged the court to take away Armetta's driving privileges for as long as possible.
 {¶ 9} The trial court sentenced Armetta to six months in prison, three years of post-release control, suspended his license for five years, ordered him to pay restitution and ordered morgue visitation for people who drink and drive. Armetta now appeals.
 {¶ 10} In his sole assigned error, Armetta argues the trial court erred in sentencing him to prison for the charge of vehicular assault, a fourth-degree felony, without complying with the sentencing provisions. Specifically, Armetta claims there is a presumption of probation for the offense, and the trial court was required to impose a prison term only if it found, on the record, that he was not amenable to any available community control sanction.[1] We agree.
 {¶ 11} In general, the sentencing judge must adhere to the overriding purposes of felony sentencing described in R.C. 2929.11. This section provides that a sentence shall punish the offender and protect the public from future offenses by the offender and others.[2]
 {¶ 12} R.C. 2929.13(B) begins with a presumption that fourth degree felony offenders should be imprisoned only if they satisfy certain factors.
 {¶ 13} R.C. 2929.13(B)(2)(a) requires a trial court to impose a sentence of incarceration for a fourth or fifth degree felony if the court finds at least one of the following nine enumerated factors under R.C. 2929.13(B)(1)(a) to (h) applicable:
"(a) In committing the offense, the offender caused physical harm to a person.
"(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
"(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
"(d) The offender held a public office or position of trust and the offense related to that office or position; * * *
"(e) The offender committed the offense for hire or as part of an organized criminal activity.
"(f) The offense is a sex offense that is a fourth or fifth degree felony * * *
"(g) The offender previously served a prison term.
"(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
"(i) The offender committed the offense while in the possession of a firearm."
 {¶ 14} In this case, the trial court found Armetta satisfied R.C.2929.13(B)(1)(a) by stating Stankus suffered serious physical and economic harm as a result of this offense.[3]
 {¶ 15} Having satisfied the requirements of R.C. 2929.13(B)(1), the trial court was then required to satisfy the provisions of R.C.2929.13(B)(2)(a) before sentencing Armetta to prison. R.C. 2929.13(B)(2)(a) states:
"If the court makes a finding described in division (B)(1) * * * of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 16} At this juncture, the trial court expressed concern that Armetta was allegedly observed buying and driving another race car and reasoned other citizens were still at risk. The court then concluded Armetta was not amenable to an available community control sanction. However, this court notes that it is error for a trial judge to base a sentence upon a crime neither charged nor proven.[4] This court has found such a sentence to be a clear abuse of discretion.[5]
 {¶ 17} In the case sub judice, these allegations were never substantiated. Armetta's counsel vehemently denied these allegations and informed the trial court that Armetta drove a Ford Taurus. Based on these unsubstantiated allegations, the trial court should not have found that Armetta was not amenable to an available community control sanction. Thus, a prison sentence was not mandatory under R.C. 2929.13(B)(2)(a).
 {¶ 18} Here, the record reveals Armetta was a first-time offender, was enrolled in college, worked part-time, showed remorse, paid restitution, and was scheduled to speak to teens about the dangers of reckless driving. Additionally, the pre-sentence investigative report recommended the imposition of community control sanction, and the victim and her family did not want Armetta to be imprisoned. Therefore, we conclude a community control sanction would have been a more reasonable sentence.
 {¶ 19} Further, despite the trial court finding that the victim was seriously injured, and though we recognize the injuries here may add to the seriousness of the offense,[6] we do not find that community control sanction would demean the seriousness of the offense. Additionally, in the instant case, imposing community control sanction would not be disproportionate to Armetta's offense, because Armetta's offense did not rise to the level of aggravated vehicular assault for which prison time would be appropriate. Thus, we sustain Armetta's sole assigned error.
 {¶ 20} A court of appeals hearing an appeal regarding sentencing may increase, reduce, or otherwise modify a sentence if the court clearly and convincingly finds that the sentence is contrary to law.[7]
Accordingly, pursuant to the authority granted us by R.C. 2953.08(G)(2)(b), we modify Armetta's sentence as follows: five years basic probation, 200 hundred hours community service to be supervised by the probation department, three years driver's license suspension, and $250 fine, plus court costs.
Judgment reversed; sentence modified.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs;
 Corrigan, J., dissents. (see attached dissenting opinion.)
 DISSENTING OPINION
[1] Ohio Rev. Code § 2929.13(B)(2)(a).
[2] R.C. 2929.11(A).
[3] Tr. at 35.
[4] State v. Henley (Oct. 29, 1998), Cuyahoga App. No. 74305, citing toState v. Longo (1982), 4 Ohio App. 3d 136; Columbus v. Jones (1987),39 Ohio App.3d 87; State v. Jeffers (1978), 57 Ohio App.2d 107; and,State v. Patterson (1996), 110 Ohio App.3d 264.
[5] Longo, supra.
[6] State v. Davis-Bey (July 3, 2002), Cuyahoga App. No. 79524.
[7] R.C. 2953.08(G)(2)(b).