[Cite as *State v. Thomas*, 2014-Ohio-5153.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101263**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LETHEDIOUS L. THOMAS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576098-A

**BEFORE:** Jones, P.J., S. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: Cullen Sweeney
        John T. Martin
Cuyahoga County Assistant Public Defender
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Jennifer A. Driscoll
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant, Lethedious L. Thomas, appeals his convictions for gross sexual imposition. We affirm his convictions, but remand to the trial court for correction of the journal entry.

**{¶2}** In 2013, Thomas was charged with three counts of gross sexual imposition, two counts of importuning, and one count of kidnapping with a sexual motivation specification involving his former girlfriend's young daughter.

**{¶3}** Thomas pleaded guilty to three counts of gross sexual imposition and the trial court sentenced him to a maximum, consecutive sentence of 15 years in prison.

**{¶4}** Thomas appeals, raising the following assignments of error for our review:

I. Appellant's guilty plea was not knowingly, intelligently, or voluntarily entered when the trial court misinformed appellant that he could only receive five years in prison.

II. The trial court, by considering uncharged, unproven and vague allegations of criminal conduct in sentencing him to maximum, consecutive sentences, deprived appellant of his liberty without due process and of his constitutional rights to a grand jury indictment, to trial by an impartial jury, to proof of the charges against him beyond a reasonable doubt, to confront the witnesses against him, and to otherwise present a defense.

**{¶5}** In the first assignment of error, Thomas argues that his plea was not knowingly and voluntarily made because the trial court told him the maximum sentence he could receive was five, not 15, years in prison. The record does not support this claim.

**{¶6}** Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

**{¶7}** To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea.

**{¶8}** A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *Id.* at ¶ 27, citing *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981).

**{¶9}** With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *Veney* at ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995). Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the plea colloquy are at issue. *Veney* at ¶ 17. Crim.R. 11(C)(2)(a) requires the court to determine that the defendant is making the plea voluntarily, with

understanding of the nature of the charges and of the maximum penalty involved. Therefore, a trial court must substantially comply with this requirement.

{¶10} In the case at bar, our review of the record shows that the trial court adhered to the requirements of Crim.R. 11. During the plea colloquy, Thomas affirmatively expressed that he understood his rights and that he understood he was giving up those rights by entering a guilty plea. The trial court explained each count to Thomas, informed him of the maximum time he could receive on each count, and explained to him the sentencing range for each offense to which he was pleading guilty.

{¶11} Thomas claims that he was induced to plead guilty because the court made him think he could only receive a maximum of five years in prison, but the record belies that claim.

{¶12} The trial court explained:

Court: Mr. Thomas, you are expected to plead guilty to Counts 1, 3 and 5, *each* of those counts alleges gross sexual imposition in violation of 2907.05(A)(4), and therefore *each* is a felony of the third degree. This felony of the third degree — *each of those three* is punishable by a period of imprisonment of *1 to 5 years*, also they're
punishable by a fine of up to $10,000, and also there is a mandatory period of postrelease control of five years. Do you understand that?

Thomas: * * * Yes. Yes.

(Emphasis added.) Transcript, p. 11-12.

{¶13} Thus, here, the trial court explained that Thomas was facing one to five years in prison on each count of gross sexual imposition. Later on, during the plea colloquy, the court inquired:

Court: Mr. Thomas, do you understand the penalties you face by entering your guilty pleas?

Thomas: Yes.

Court: Do you have any questions about the penalties you face?

Thomas: Yes.

Court: You do have questions. What questions do you have?

Thomas: The sentencing guidelines for this right now, for taking this plea, it's a chance to get the max?
Court: Is there a chance that you could get the maximum?

Thomas: Yes.

Court: What do you mean by that, five years?

Thomas: Five years. Five years.

Court: Certainly that is a potential penalty, because the incarceration, period of incarceration, the potential *penalties are one to five years*. So certainly, anything from *one up to five years* you can get. I'm not the sentencing judge, so I have no involvement in that part of it. I'm just taking the plea for you here today.

Thomas: Okay.

Court: But you can certainly get the maximum, there is no doubt that is a possibility, is what I'm saying.

Thomas: Okay.

Court: Do you understand then?

Thomas: Yes.

(Emphasis added.) Transcript, p. 16-17.

{¶14} Thomas told the court he understood the possible penalties involved in his plea. Despite his claim now that the court told him the maximum was five years, it is clear from the transcript that Thomas was asking if it was possible that he could receive the maximum sentence on each count. We do note, however, that it would be advisable to notify the defendant of the total number of years the counts amount to, in this case 15 years, especially in instances such as these, where the defendant further questions the sentence he or she is facing.

{¶15} But, based on the transcript and Thomas's assurances that he understood the penalties involved in his guilty pleas, the trial court complied with Crim.R. 11 in explaining the

maximum penalties he faced in pleading guilty to three counts of gross sexual imposition.

{¶16} Therefore, we find no fault with the plea colloquy, or that Thomas did not understand the rights that he waived, or that his plea was not knowingly and intelligently made.

{¶17} The first assignment of error is overruled.

{¶18} In the second assignment of error, Thomas claims the trial court sentenced him to consecutive, maximum sentences based on uncharged and unproven allegations that he had sexually abused other children.

{¶19} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard for review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [a reviewing court] may vacate the sentence and remand the matter to the sentencing court for re-sentencing."

{¶20} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶21} R.C. 2929.11(A) provides that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  Under R.C.

2929.12(A), trial courts must consider a nonexhaustive list of factors, including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶22} Pursuant to R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c):

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶23} Thomas bases his argument on the following statement the trial court made during sentencing:

> The Court makes a following finding with reference to its sentencing. The Court does find that consecutive sentences are necessary to protect the public from future crime. And this Court takes into consideration and makes its finding based upon the defendant's statement to the victim that, ["]I will smash the door in. I've done this many times to other kids. If you tell anyone about this, I will kill you.["]

Transcript, p. 47-48.

{¶24} This court has held that a trial court abuses its discretion when it sentences a criminal defendant based upon a crime neither charged nor proven. *State v. Armetta*, 8th Dist. Cuyahoga No. 84366, 2005-Ohio-3689, ¶ 16. Although we no longer review felony sentences under an abuse-of-discretion standard, Thomas claims that the trial court erred and violated his constitutional rights.

{¶25} Thomas relies on *State v. Longo*, 4 Ohio App.3d 136, 446 N.E.2d 1145 (8th Dist.1982), for the proposition that it was error for the trial court to consider inappropriate and prejudicial evidentiary material that clearly impacted its sentencing determination. *Id.* In *Longo*, the appellant pleaded guilty to carrying a concealed weapon, but the sentencing court concluded that the appellant was involved in an organized car theft ring after the court itself made several ex parte contacts and conducted its own presentence investigation. This court reversed, noting that the trial court's "persuasion, on matters not charged or investigated" shaped its decision. *Id.* at 141.

{¶26} *Longo* is easily distinguishable from this case because the trial court's action in *Longo* in conducting its ex parte investigation "went beyond any defensible limit." *Id.* In this case, the trial court relied on the presentence investigation report and the statements made by Thomas, the victim's mother, defense counsel, and the prosecutor.

{¶27} Ohio law is clear that "[u]nindicted acts or not guilty verdicts can be considered in sentencing without resulting in error when they are not the sole basis for the sentence." *State v. Gray*, 8th Dist. Cuyahoga No. 91806, 2009-Ohio-4200, ¶ 13, citing *State v. Williams*, 8th Dist. Cuyahoga No. 79273, 2002-Ohio-503. Moreover, the rules of evidence do not apply in sentencing hearings; therefore, a trial court may rely on hearsay statements contained in a presentence investigation report. *State v. Cook*, 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625,

¶ 70, citing *State v. Bundy*, 7th Dist. Mahoning No. 02 CA 211, 2005-Ohio-3310.

{¶28} In *State v. Edwards*, 8th Dist. Cuyahoga No. 89181, 2007-Ohio-6068, the appellant pleaded guilty to multiple counts of gross sexual imposition involving his niece. The trial court relied on allegations made during the sentencing hearing that the appellant had molested other nieces, but charges were never brought regarding those family members. This court affirmed his sentence, finding that the uncharged conduct was not the sole basis for the sentence because, when sentencing the appellant, the trial court stressed that the harm to the victim would last forever and the victims included not just the victim of sexual abuse but also the families of the victim and appellant. Moreover, "in mentioning that Edwards also abused other family members for which he was not charged, the court was considering Edwards likelihood of recidivism pursuant to R.C. 2929.12(D)." *Id.* at ¶ 7.

{¶29} In this case, there is no indication in the transcript that the trial court sentenced Thomas to maximum, consecutive sentences solely based on allegations that he molested other children. The court found that consecutive sentences were necessary to punish Thomas and were not disproportionate to the seriousness of his conduct. The court expressly considered that the victim was six years of age at the time of the abuse; the victim continued to have "serious problems"; Thomas had committed a previous crime against the same family; and Thomas denied committing the abuse.[1]

{¶30} Having found that the trial court made the required statutory findings to support the imposition of consecutive sentences and the trial court considered all required factors of law, the

---

[1]     R.C. 2929.14(C)(4) requires a court to find, in part, that "the consecutive service is necessary to protect the public from future crime *or* to punish the offender * * * ." (Emphasis added). The trial court stated it was sentencing Thomas to protect the public from future crime based on the threats he made to the victim, including the statement, "I've done this many times to other kids," *and* his sentence was designed to punish him. Therefore, even if we strike the offending portion of the trial court's sentence, the court still made the required findings.

second assignment of error is overruled.

**{¶31}** The record shows, however, that the trial court failed to incorporate into the sentencing journal entry the statutory findings supporting consecutive sentences that it made at the sentencing hearing.   Thus, in light of *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, this matter is remanded to the trial court for the court to issue a new sentencing journal entry, nunc pro tunc, to incorporate its findings.   The court does not, however, have an obligation to state reasons to support its findings in the entry.   *Id.* at ¶ 37; R.C. 2929.14(C)(4).

**{¶32}** Judgment affirmed and case remanded for a new sentencing journal entry.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR