[Cite as *State v. Hendrickson*, 2022-Ohio-3324.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, :

    Plaintiff-Appellee, :

                               No. 111064

    v. :

JUSTIN A. HENDRICKSON, :

    Defendant-Appellant. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 22, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657219-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Appellant Justin A. Hendrickson ("Hendrickson") appeals the trial court's order sentencing him to eight years in prison. After reviewing the facts of the case and pertinent law, we affirm.

## I.  Facts and Procedural History

{¶ 2} On October 25, 2021, Hendrickson pled guilty to two counts of illegal use of a minor in nudity-oriented material, a felony of the second degree in violation of R.C. 2907.323(A)(1) as charged in Counts 1 and 2 of the indictment, and one count of possessing criminal tools, a felony of the fifth degree in violation of R.C. 2923.24(A) as charged in Count 4 of the indictment.

{¶ 3} A sentencing hearing was held on November 3, 2021.  At the hearing, the trial court sentenced Hendrickson to serve eight years in prison on Count 1, eight years in prison on Count 2, and 11 months in prison on Count 4.  The court ordered all terms to be served concurrently for a total prison term of eight years.  It is from this order that Hendrickson appeals.

## II.  Law and Analysis

{¶ 4} On appeal, Hendrickson raises the following three assignments of error:

> The trial court erred when it imposed the maximum sentence without support in the record for the requisite statutory findings under R.C. 2929.11, 2929.12, and 2929.14.

> Appellant was denied the effective assistance of counsel when his attorney failed to argue any of the available mitigation.

> The trial court erred by considering uncharged allegations of conduct in sentencing him to a maximum sentence, deprived appellant of his liberty without due process and of his constitutional rights to a grand jury indictment, to trial by an impartial jury, to proof of the charges against him beyond a reasonable doubt, to confront the witnesses against him, and to otherwise present a defense.

## A. Maximum Sentence

{¶ 5} In his first assignment of error, Hendrickson argues that the "trial court erred when it imposed the maximum sentence without support in the record for the requisite statutory findings under R.C. 2929.11, 2929.12 and 2929.14." We disagree.

{¶ 6} Our review of felony sentencing is governed by R.C. 2953.08(G)(2), which states:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 7} R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Additionally,

> if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law.

*State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 7.

{¶ 8} While trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific

findings under any of those considerations. *Jones* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Phillips* at ¶ 8, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

{¶ 9} At the outset, we note that in his first assignment of error, Hendrickson argues that there was no support in the record "for the requisite statutory findings under R.C.* * * 2929.14." However, in this case, the trial court was not required to make any findings under R.C. 2929.14. As noted, under R.C. 2953.08(G)(2), appellate court review is limited to whether the record supports a trial court's findings under R.C. 2929.14(B)(2)(e) and (C)(4). R.C. 2929.14(B)(2)(e) relates to an offender who has been convicted of a repeat violent offender specification, and R.C. 2929.14(C)(4) concerns consecutive sentences. Because Hendrickson was not convicted of a repeat violent offender specification nor was he sentenced to consecutive sentences, the trial court in this case was not required to make these statutory findings.

{¶ 10} In essence, Hendrickson seeks to have his sentence modified by this court asserting that "there is clear and convincing evidence that the trial court's findings [under R.C. 2929.11 and 2929.12] were not supported by the record, therefore a maximum sentence cannot be sustained." However, the trial court was not required to make findings under those statutes, and Hendrickson offers no

evidence to rebut the presumption that the trial court considered the relevant sentencing factors under R.C. 2929.11 and 2929.12.

{¶ 11} To the contrary, at sentencing the trial court outlined, on the record, the purposes of felony sentencing pursuant to R.C. 2929.11 and found "there is a clear need for incapacitation of Mr. Hendrickson in order to protect the public from any future offense by him; that incarcerating him will act as a deterrent for his behavior." Further, "while the charges are similar in this case, the crimes themselves accompanied by his description as outlined in the PSI take these crimes and separate them from other cases that I've seen of this nature." Finally, the court stated that Hendrickson's "sentence in this matter will not be based on [his] race, ethnicity, gender, or religion."

{¶ 12} Next, the court considered the seriousness factors under R.C. 2929.12(B) and stated:

> I will state that the injury exacerbated by the victim's physical or mental condition or age; these are infants depicted in these pictures, and the report from the court psychiatric clinic describes the defendant's* * * sexual interest in the categories of females five years of age or younger, males and females between the ages of six to 13, and adolescent males and females between the ages of 14 to 17.
>
> * * *
>
> I do not find that substantial grounds exist to mitigate his conduct.

{¶ 13} Finally, the court considered the recidivism factors in R.C. 2929.12(D). The court referenced Hendrickson's previous violations of community-control sanctions and his conviction for failure to notify of change of address and found "that he has not responded favorably to sanctions previously

imposed * * *." The trial court also noted that the sexual-offender evaluation referenced sexually explicit letters that Hendrickson wrote while he was in a community-based correctional facility ("CBCF") about scenarios including himself and young children "that got him kicked out of that program." The court went on to find that Hendrickson had not "led a law-abiding life for a significant number of years. I do not find that these offenses were committed under circumstances unlikely to reoccur. * * * This is the third time he's been convicted of sex offenses." After making all of these findings, the court went on to announce Hendrickson's sentence.

{¶ 14} Accordingly, the record demonstrates that the court did consider R.C. 2929.11 and 2929.12 and did so explicitly on the record. Hendrickson's first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶ 15} In his second assignment of error, Hendrickson argues that he received ineffective assistance of counsel. We disagree.

{¶ 16} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient, and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. To show that he or she was prejudiced, the defendant must prove that, but for counsel's

errors, the result of a trial would have been different. *State v. Williams*, 8th Dist. Cuyahoga No. 66864, 1995 Ohio App. LEXIS 2847, 16 (July 5, 1995), citing *State v. Mills*, 62 Ohio St.3d 357, 376, 582 N.E.2d 972 (1992). The object of an ineffectiveness claim is not to grade counsel' s performance. *Id.* at 697. *See also State v. Bradley*, 42 Ohio St. 3d 136, 538 N.E.2d 373 (1989).

{¶ 17} Hendrickson argues that his trial counsel was deficient for failing "to argue some mitigation of sentence."

{¶ 18} A review of the record demonstrates that at sentencing, Hendrickson's trial counsel did argue mitigation. At the sentencing hearing, Hendrickson's trial counsel addressed the court and made the following statements:

> On behalf of Mr. Hendrickson, he's certainly been open, honest, forthright with counsel that he does accept full responsibility for his actions in this case. I think that it is significant that when confronted with these allegations, that he voluntarily met with law enforcement. He provided a full statement to them; that he acknowledged what he did, that he certainly didn't run from his responsibilities, and has accepted responsibility for the actions that bring him before this Court.

> I know that the facts of this case are from 2017. He does have * * * some failure to verify change of address and an escape, but form a review of the presentence report, it indicated that those cases occurred after that. So I would indicate as far as the sentencing factor goes that he was not on supervision at the time of the present offense which I think is important.

> He was cooperative with the court psychiatric clinic in going through the mitigation report, that he participated in a Static-99, and I would as the Court to consider in mitigation the findings of the court psychiatric clinic that he has a low IQ, somewhere as low as 61; that he has, since being place on supervision for his judicial release, followed up with probation out there; that he's reported when required; that he's updated his address and maintained stable housing.

[W]e would ask the Court to consider in mitigation that he, for income, gets $794 from Social Security and that disability is related to his low IQ et cetera.

* * *

I would also indicate, Judge, that my client was a victim when he was a child, and certainly sex offender treatment would be something that would be beneficial to my client.

{¶ 19} Therefore, there is no support for the proposition that Hendrickson's trial counsel failed to argue any mitigation at sentencing. Hendrickson also argues various possible mitigating circumstances that his trial counsel could have argued at sentencing. However, we note that "[t]he extent to which counsel presents mitigation evidence at a sentencing hearing is generally a matter of trial strategy." *State v. Tinsley*, 8th Dist. Cuyahoga No. 105551, 2018-Ohio-278, ¶ 17. It is well-established that matters of trial strategy cannot be the basis of an ineffective assistance of counsel claim. *See State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980).

{¶ 20} Accordingly, Hendrickson's second assignment of error is overruled.

## C. Uncharged Allegations

{¶ 21} In his final assignment of error, Hendrickson argues that the trial court erred in relying "on uncharged and unproven allegations that [he] had written some graphic depictions of sexual activity on a computer while in residence at a Community Based Correctional awaiting placement at a treatment facility" when it imposed his sentence. Hendrickson contends that "the trial court committed error

and deprived [him] of a litany of constitutional rights" by "increasing [his] sentence for * * * uncharged and unproven conduct[.]"

**{¶ 22}** This court has found that "[c]onduct by a defendant that does not result in a conviction, much less a criminal charge, can be considered by the court during sentencing." *State v. Steele*, 8th Dist. Cuyahoga No. 105085, 2017-Ohio-7605, ¶ 10, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 16. However, that conduct cannot be "the sole basis for the sentence." *State v. Gray*, 8th Dist. Cuyahoga No. 91806, 2009-Ohio-4200, ¶ 13, citing *State v. Williams*, 8th Dist. Cuyahoga No. 79273, 2002-Ohio-503.

**{¶ 23}** Here, there is no evidence in the record to support Hendrickson's contention that the trial court increased his sentence for writing the sexually explicit letters while in a CBCF, let alone that it was the sole basis for imposing his sentence. Rather, the trial court acknowledged the fact that Hendrickson wrote the sexually explicit letters involving children. The court made this acknowledgment when it considered the sentencing factors under R.C. 2929.11 and 2929.12 and noted that Hendrickson had not responded positively to community-control sanctions in the past, as evidenced by him being "kicked out" of a CBCF for writing the sexually explicit letters. There is no indication from the record that the court used this information as the sole basis for imposing Hendrickson's sentence.

**{¶ 24}** Hendrickson's third assignment of error is overruled.

**{¶ 25}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR