[Cite as *State v. Viers*, 2022-Ohio-4083.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff- Appellee,                :

                                                   No. 111303

           v.                              :

NICHOLAS VIERS,                         :

    Defendant-Appellant.                :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-651437-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer Driscoll and Carl Felice, Assistant Prosecuting Attorneys, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender*, for appellant*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Nicholas Viers, appeals the trial court's order imposing consecutive sentences for two counts of endangering children. He argues consecutive sentences are not warranted because of his limited criminal history and the trial court failed to assign weight to the mitigating factors presented by the defense. After a careful review of the record and applicable law, we affirm the trial court's judgment.

{¶ 2} On June 27, 2020, Viers, age 19, was the primary caretaker for the victim, his three-month-old biological daughter. On that day, the police received a call from a hospital reporting a baby had sustained head injuries consistent with shaken baby syndrome. The presentence-investigation report ("PSI") indicates that, when Viers brought the baby to the hospital, she was in critical condition; a social worker told the police that the baby had a "subdural hematoma with shift," which, as the social worker described, "means the baby had blood in the brain." The doctor treating the baby stated, "it looks like a shake injury." The doctors had to remove a piece of the baby's skull to relieve the pressure in her head, and she was required to wear a helmet for a period of time after the hospital stay.

{¶ 3} Following the police investigation of the incident, the grand jury indicted Viers for four counts of endangering children (Counts 1 through 4) in violation of R.C. 2919.22(B)(1), second-degree felonies, and one count of endangering children (Count 5) in violation of R.C. 2919.22(A), a third-degree felony. Count 1 specifies the offense resulted in serious physical harm: "brain

bleeds"; Count 2: "broken ribs"; Count 3: "failure to thrive"; Count 4: "bruises all over the body"; and Count 5: "medical neglect." Under a plea agreement, Viers pleaded guilty to reduced charges of endangering children, both third-degree felonies in violation of R.C. 2919.22(A), in Counts 1 and 2.[1] The remaining counts were nolled.

{¶ 4} At sentencing, the state reported that it learned from the prosecutor for the Cuyahoga Division of Children and Family Services that the victim still had difficulties with the left side of her body, possibly due to a stroke that she suffered in the incident. While able to walk, her gait was uneven and she had difficulties holding objects in her left hand. The state also reported that, as indicated by the medical records, there was a significant lifetime risk of "dysfunctional pituitary signals for growth," kidney disfunction, and problems with the circulation of blood. The state reported that the victim had also sustained rib fractures, which she was healing from at the time of the incident, and she also suffered from malnourishment and dehydration.

{¶ 5} The state additionally reported that when Viers was questioned by the detectives regarding his daughter's injuries at the hospital, he acted aggressively in a physical manner towards the detectives and was arrested by the hospital police.

---

[1]R.C. 2919.22(B)(1) prohibits the conduct of "abusing the child" and the offense is a second-degree felony when the conduct "results in serious physical harm to the child." R.C. 2919.22(E)(2)(d). R.C. 2919.22(A) prohibits the conduct of "[c]reating a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support," and the violation is a third-degree felony if it results in serious physical harm to the child.

{¶ 6} Viers's counsel noted that, as indicated in the mitigation for penalty report prepared for his sentencing, Viers had a difficult childhood. He was removed from his biological family and placed in foster care at age three due to the abuse by his biological father. He was reunited with his biological father at one point but returned to foster care after suffering continued abuse by his biological father, and he was subsequently adopted when he was nine.

{¶ 7} The trial court sentenced Viers to consecutive terms of 30 months in prison for the two counts of endangering children. The court made the findings required by R.C. 2929.14(C)(4) that consecutive sentences are necessary to protect the public from future crimes; consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court emphasized the serious injuries sustained by the young victim. It also noted the previous instances of domestic violence that Viers was involved in — his adjudication for domestic violence as a juvenile in May 2017 and a charge against him brought in the Cleveland Municipal Court in May 2020 — although the latter was subsequently dismissed. The trial court found it significant that the prior instances also related to domestic violence and consequently found that his history of criminal conduct demonstrated that consecutive sentences are necessary to protect the public from future crime by him.

{¶ 8} Viers now appeals, raising the following assignments of error for our review:

I.  The trial court erred in imposing consecutive sentences on the basis of insufficiently reliable information from outside the record in violation of Mr. Viers' right to due process.

II.  The trial court erred in failing to assign weight to the substantial mitigating grounds set forth by the defense.

III.  The trial court erred in imposing consecutive sentences because the record clearly and convincingly does not support its R.C. 2929.14(C) findings in regards to Mr. Viers' criminal history.

**{¶ 9}** We address the first two assignments jointly, because they both concern the consecutive sentences imposed by the trial court for his offenses.

**Consecutive Sentences**

**{¶ 10}**  The consecutive sentence statute, R.C. 2929.14(C)(4), provides that the trial court can impose consecutive sentences if it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} An appellate court reviews felony sentences under the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. Furthermore, R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive sentences. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169. Pursuant to R.C. 2953.08(G)(2), we may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4), or the sentence is otherwise contrary to law.

{¶ 12} Accordingly, a consecutive sentence may be challenged in two ways. The defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4); or, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7.

{¶ 13} In making the consecutive findings, a trial court is not required to give reasons supporting its decision to impose consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27. Rather, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 14} Here, the record reflects the trial court imposed consecutive sentences based on the severity of the victim's injuries and Viers's prior domestic violence conduct. Viers does not claim that the trial court failed to make the requisite consecutive findings. Rather, under the first and second assignments of error, he argues the record does not support the findings. Specifically, he argues that the evidence in the record does not support a finding of a criminal history justifying the consecutive sentences and that the trial court improperly relied on the representation made by the state regarding the baby's condition in imposing consecutive sentences.

{¶ 15} We address the trial court's finding regarding his history of criminal conduct first. The trial court noted two instances of domestic violence included in the PSI: he had an adjudication for domestic violence as a juvenile in 2017 and a charge brought in the municipal court for domestic violence in May 2020. Viers alleged that the latter charge stemmed from an argument he had with his sister after she blew smoke in his infant daughter's face and he merely "slapped the cigarette out of her hand," but she called the police. We note that, while the trial court is required to consider the PSI, it is not required to accept all of its content as true. *State v. Caraballo*, 8th Dist. Cuyahoga No. 97915, 2012-Ohio-5725, ¶ 36, citing *State v. Mayor*, 7th Dist. Mahoning No. 07 MA 177, 2008-Ohio-7011. While Viers appeared to minimize his conduct in the case, the trial court specifically found it significant that both prior cases involved domestic violence conduct.

{¶ 16} Furthermore, although the municipal court case was subsequently dismissed, as this court has pointed out, R.C. 2929.14(C)(4) requires the sentencing court to consider a defendant's "history of criminal conduct," rather than "convictions," and we have held that the trial court is permitted to consider conduct by a defendant that does not result in a conviction, provided the conduct is not the sole basis for the sentence. *State v. Steele*, 8th Dist. Cuyahoga No. 105085, 2017-Ohio-7605, ¶ 10, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 16, and *State v. Gray*, 8th Dist. Cuyahoga No. 91806, 2009-Ohio-4200, ¶ 13. *See also State v. Hendrickson*, 8th Dist. Cuyahoga No. 111064, 2022-Ohio-3324, ¶ 22. As this court explained in *Steele*, the use of different words indicates an intention that the words possess different meanings; while a "conviction" is composed of a finding of guilt and a sentence, "conduct" means the manner in which a person behaves or acts. *Id.* at ¶ 15. *See also State v. Curtis*, 2d Dist. Miami No. 2021-CA-19, 2022-Ohio-1691, ¶12 (by referring to an offender's history of criminal "conduct," R.C. 2929.14(C)(4)(c) does not limit the trial court's consideration to the offender's history of criminal convictions), citing *State v. Hiles*, 3d Dist. Union No. 14-20-21, 2021-Ohio-1622, ¶ 26. Even uncharged conduct can be considered as a basis for establishing a history of criminal conduct for purposes of imposing consecutive sentences. *Steele* at ¶ 11, citing *State v. Thomas*, 8th Dist. Cuyahoga No. 101263, 2014-Ohio-5153, ¶ 27. "'[P]rior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement' are valid sentencing considerations." *Steele* at ¶ 10, quoting

*State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43. Pursuant to the binding precedent, therefore, the trial court's consideration of the May 2020 municipal court case, which was proximate in time to the present offense and also involved domestic violence conduct, was not improper.

{¶ 17} Regarding his juvenile adjudication for domestic violence, Viers argues the adjudication should not be considered by the trial court to support consecutive sentences, citing *State v. Batiste*, 2020-Ohio-3673, 154 N.E.3d 1220 (8th Dist.).

{¶ 18} "It is well settled that a defendant's juvenile record may be considered as part of an offender's 'criminal history' for R.C. 2929.14(C)(4) purposes in determining whether to impose consecutive sentences." *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 42 (8th Dist.), citing *State v. Carney*, 1st Dist. Hamilton No. C-160660, 2017-Ohio-8585, ¶ 19-20, *State v. McCray*, 8th Dist. Cuyahoga No. 102852, 2015-Ohio-4689, ¶ 17-19, and *State v. Bromagen*, 1st Dist. Hamilton No. C-120148, 2012-Ohio-5757, ¶ 8. We are aware that in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, the Supreme Court of Ohio held that a juvenile adjudication cannot be used to enhance a sentence. That decision, however, did not involve the imposition of consecutive sentences under R.C. 2929.14(C)(4). *Grant* at ¶ 42. Until further guidance from the Supreme Court of Ohio, we are bound to follow the existing precedent.

{¶ 19} Regarding *Batiste*, the majority of the panel recognized that juvenile adjudications can be considered in adult court because they are "conduct" not

"convictions," and that it is widely accepted that an offender's juvenile history can be used as prior criminal history for the purpose of imposing consecutive sentences. The majority believed, however, that the "use of an offender's juvenile criminal history is generally reserved for instances where the offender has an extensive juvenile history." *Batiste* at ¶ 20-21. In that case, the trial court relied on a single prior juvenile adjudication and the crimes charged in the case sub judice to find a history of criminal conduct justifying consecutive sentences. The majority reasoned that the defendant's criminal history did not warrant consecutive sentences because it consisted of a single juvenile adjudication and also because nine years had passed since the juvenile case before the defendant was indicted in the present case. These circumstances in *Batiste* are distinguishable. Viers, 19 at the time of the instant offenses, had the juvenile adjudication for domestic violence only three years prior, and the domestic violence charge was brought against him in the municipal court only a month before the instant incident.

{¶ 20} Viers also argues the trial court's imposition of consecutive sentences was based on unreliable information provided by the prosecutor at the sentencing hearing.

{¶ 21} Viers received consecutive sentences after he pleaded guilty to two separate counts of endangering children in violation of R.C. 2919.22(A), committed on June 27, 2020, and June 1, 2020, respectively. That statute penalizes the conduct of "creat[ing] a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The sentencing transcript reflects that after the trial

court announced the sentence of 30 months at Lorain Correctional Institute for each count without expressly specifying whether the sentences were concurrent or consecutive, the prosecutor asked the court for clarification. The court in turn asked the prosecutor to clarify whether the two counts related to two incidents on separate occasions. The prosecutor advised the court that the two counts related to separate instances of endangering children. The prosecutor stated the following:

> There were rib fractures that were healing. We have the head injury. She was completely malnourished. She was underweight. She would have died of dehydration and malnourishment had she not been so badly injured and taken to the hospital with this skull fracture and the hematoma in her head. She had a number of different injuries[.]

{¶ 22} Viers argues the trial court relied on representations by the prosecutor regarding the child's severe malnutrition in imposing consecutive sentences. We note, however, "'R.C. 2929.19 grants broad discretion to the trial court to consider any information relevant to the imposition of a sentence.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 31, quoting *State v. Asefi*, 9th Dist. Summit No. 26931, 2014-Ohio-2510, ¶ 8. The consideration is permissible as long as the information is not the sole basis for the sentence. *Id.* In any event, our review of the transcript indicates the trial court, in imposing consecutive sentences, placed great emphasis on the severity of the victim's head injuries and the fact that the two counts of endangering children stemmed from separate occasions. While the prosecutor reported the victim suffered severe malnutrition, the transcript does not reflect that the trial court considered or relied on it in imposing consecutive sentences.

{¶ 23} Viers also claims that his consecutive sentences were predicated on the shaken baby syndrome the victim allegedly suffered, but he did not plead guilty to an offense of endangering children involving a shaken baby syndrome. He argues furthermore that there was no medical testimony or evidence establishing the baby's injuries were caused by shaking. Viers's claim lacks merit. Viers pleaded guilty to an amended Count 1, a third-degree felony, that specified that the violation resulted in serious physical harm to the child: "brain bleeds." Our review of the sentencing transcript indicates the trial court, in imposing consecutive sentences, emphasized that the victim suffered head injuries so severe as to require the removal of a piece of her skull, that she was in a critical condition for a period of time, and that she sustained injuries on two separate occasions. The transcript does not reflect the trial court relied on the medical diagnosis of shaken baby syndrome as a reason for the consecutive sentences.

{¶ 24} Finally, Viers, pointing to page 51 of the sentencing transcript, claims the trial court violated his due process right when it "repeatedly interrupted defense counsel's attempts to respond to the court's reliance on the prosecutor's unsupported allegations and did not allow counsel to develop a complete record" in support of concurrent sentences.

{¶ 25} The cited portion of the transcript reflects that, after the trial court clarified that the two prison terms for Counts 1 and 2 were to be served consecutively, the defense counsel, while not disputing the victim's injuries, attempted to argue that the victim's condition, including malnutrition, was not

solely Viers's responsibility because she had two parents and multiple individuals resided in the home. The trial court interrupted counsel's line of argument, and after asking a few questions, it interrupted counsel again and proceeded to make the statutory findings justifying the consecutive sentences. It appears from the transcript that Viers's counsel attempted to develop the record to support a claim that the sentences should not be consecutive because Viers was not solely responsible for the victim's condition. As we have explained above, the trial court, in imposing consecutive sentences, placed emphasis on the fact that Viers pleaded guilty to two offenses of endangering children committed on separate occasions. The defense counsel's argument that others might have also contributed to the baby's condition is irrelevant at this stage of the proceeding. As such, the trial court's interruption of defense counsel reflected in the cited portion of the transcript did not amount to a deprivation of Viers's due process right.

{¶ 26} Our review of the transcript indicates the trial court made the statutory findings and engaged in the correct analysis for its imposition of consecutive sentences. While not required to, the trial court explained its reasons for the findings and the record contains evidence to support the findings. Because we will reverse or modify the consecutive sentences only if we clearly and convincingly find the record does not support the sentencing court's findings, we affirm Viers's consecutive sentences. The first and second assignments of error are without merit.

**Mitigation Factors**

{¶ 27} Under the third assignment of error, Viers argues the trial court erred in failing to assign weight to the mitigating grounds presented by the defense, citing R.C. 2929.12(C)(4).

{¶ 28} In imposing a sentence for a felony, the trial court is to consider the sentencing purposes set forth in R.C. 2929.11. R.C. 2929.11 provides that a sentence imposed for a felony shall be guided by the overriding purposes of "protect[ing] the public from future crime by the offender and others and punish[ing] the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." In determining the most effective way to comply with the purposes and principles set forth in R.C. 2929.11, the sentencing court must consider the seriousness and recidivism factors enumerated in R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. R.C. 2929.12(B) and (C) set forth the seriousness factors.

{¶ 29} Viers argues the trial court failed to give meaningful consideration and assign weight to mitigation factors as required by R.C. 2929.12(C). That section states:

> (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
>
> * * *

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶ 30} Viers argues the trial court failed to assign weight to his biological father's physical and sexual abuse of him during his childhood as described in the mitigation of penalty report. The report also indicates Viers had an unstable childhood; he was placed in foster care between age three and nine before he was adopted. The psychiatrist who prepared the report opined that Viers's mental illness of post-traumatic stress disorder was a significant factor in his commission of the instant offenses.

{¶ 31} Regarding R.C. 2929.11 and 2929.12, the Supreme Court of Ohio recently reminded us of our limited role in reviewing a defendant's claims that his sentence is improper pursuant to R.C. 2929.11 and 2929.12.

> Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05(A) when reviewing a death penalty-sentence.

*State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

{¶ 32} The record here reflects the trial court heard and considered the mitigation argument advanced by the defense. While Viers complains that the trial court failed to assign weight to the substantial mitigation factors, we are not free to independently weight the sentencing factors in R.C. 2929.11 and 2929.12 or substitute the trial court's judgment. The trial court is vested with the discretion to

determine the weight to assign a particular statutory factor under R.C. 2929.12. *State v. Fisher*, 10th Dist. Franklin No. 13AP-995, 2014-Ohio-3887, ¶ 16. That discretion rests solely with the trial court. *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 14. Accordingly, we find no merit to the third assignment of error.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR